[Civ. No. 7114. Second Appellate District, Division One.—March 21, 1932.]

THE GOLDSON COMPANY (a Corporation), Appellant, v. THOMAS HAVERTY COMPANY (a Corporation), Respondent.

[Civ. No. 7112. Second Appellate District, Division One.—March 21, 1932.]

H. W. LAWSON MANUFACTURING COMPANY (a Corporation), Appellant, v. THOMAS HAVERTY COMPANY (a Corporation), Respondent.

[Civ. No. 7113. Second Appellate District, Division One.—March 21, 1932.]

HARRY BOORSTEIN, Appellant, v. THOMAS HAVERTY COMPANY (a Corporation), Respondent.

A. J. Getz for Appellants.

R. J. O. Culver, Paul Nourse and Forrest A'. Betts for Respondent.

THE COURT. — The three above-entitled actions were originally filed in the municipal court of Los Angeles and were consolidated for trial. Judgment was rendered in each case for the plaintiff against the defendant Thomas Haverty Company, and in each case judgment was entered that plaintiff take nothing as against the defendant Joseph Zukin, Inc. Thereupon, defendant Thomas Haverty Company filed in said court a motion for a new trial, which motion was denied, and the Haverty Company appealed to the Superior Court of Los Angeles County. On the seventh day of August, 1928, an order was made and entered in said superior court in each case reversing the judgment of the municipal court against the defendant Thomas Haverty Company and ordering a new trial. It is from the latter judgments that this appeal is taken.

The judgments of the municipal court were reversed by the superior court upon several stated grounds. We shall assume, as counsel in their briefs have assumed, that the only matters necessary for consideration on this appeal relate (a) to the sufficiency, or insufficiency, of the evidence to sustain the findings of the municipal court, and (b) to the alleged error of the trial court in admitting certain evidence.

The occurrence which gave rise to these three actions was as follows: Joseph Zukin, Inc., a corporation, conducted a dress manufacturing establishment on the eighth floor of the M. J. Connell building in the city of Los Angeles, and

in the operation of such business it became necessary to press the dresses so manufactured. For that purpose, a large boiler was maintained by said company for the production of steam. During working hours, the steam, after forming in the boiler, was transmitted through a main pipeline to a steam line, which was suspended over a long pressing table, from which latter line extensions or ''drops'' were hung downward to the table and connected by means of rubber hose with pressing irons. Valves were attached to these extensions or ''drops'' by which the operators of the irons were enabled to turn the steam on and off as it was or was not required, in connection with the pressing operation. On or about the fifteenth day of October, 1926, it became necessary to lengthen the extensions or ''drops'' in order to make the valves more accessible to the operators. The Thomas Haverty Company was engaged in the plumbing and steam-fitting business, and was called upon to make the necessary adjustments. The employee of that company performed the work desired at the end of the regular business day on the 15th of October, 1926. When employees of Joseph Zukin, Inc., entered the factory on the morning of October 16th, the floor thereof was covered with water, which was issuing from open valves attached to the extensions which had been installed by the Thomas Haverty Company the night before, and it was found that during the night large quantities of water had escaped from these valves and had seeped down to the premises occupied by the plaintiffs and appellants located on the fifth, sixth and seventh floors of the same building.

Appellants now contend that the evidence produced at the trial in the municipal court supported the findings; that the findings supported the judgments, and that the findings are sufficient as a matter of law to support and justify the judgments entered by the municipal court.

The evidence shows that the Haverty Company was employed to install longer ''drops'' or extensions in connection with the pressing table, and that the employee of that company was told by employees of the Zukin Company before he started to work that everything was ''down''— water turned off and gas extinguished, but he made no inspection of his own. No test was made by him after finishing his work to ascertain if there was any steam or water in

the pipes. He did his work after all Zukin Company employees had left the premises, except two who left at the same time when he left; after which, the premises were securely closed and locked until morning.

We are satisfied that there was evidence which justified the municipal court in finding that the Haverty Company was guilty of negligence which was a proximate cause of the damage suffered by the plaintiffs. Insufficiency of the evidence was therefore not a ground upon which the municipal court judgments could properly be reversed.

■ It is further contended that the municipal court erred in overruling objections of the Haverty Company to questions asked of the witness Murphy with respect to a conversation between the witness, who was an employee of the Haverty Company, and Mr. Dickman, an employee of the Zukin Company, and another question relating to a conversation between the witness and Mr. Zukin. Both of these conversations took place when Murphy came down to inspect the premises on the next morning after the repair work had been done. We are inclined to think that the objections to the questions, which related to the cause of the accident, should have been sustained. We have not been able to find in the direct examination any expressions of opinion by Murphy concerning the cause of the leakage of water from the pipes. Apparently the questions were not proper as cross-examination, but that was not a stated ground of the objections. But, inasmuch as the answers of the witness stated substantially nothing more than that he did not know or could not remember, it is reasonably certain that the testimony so admitted had no appreciable influence which could affect the result of the actions.

The judgments of the superior court are, and each of them is, reversed.

Mr. Justice York dissented from this decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 11, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1932.